UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-CR-117 (ECT/SGE)

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MOTION TO** |
| v. | ) | **DISMISS THE INDICTMENT** |
| | ) | **BASED ON VINDICTIVE AND** |
| Justin David Eichorn, | ) | **SELECTIVE PROSECUTION** |
| | ) | |
| Defendant. | ) | |

The Defendant, Justin David Eichorn, through his lawyers, Charles L. Hawkins and Arthur J. Waldon, IV, respectfully moves this court, pursuant to Rule 12(b)(3)(A)(iv) of the Federal Rules of Criminal Procedure for an order dismissing the indictment on the grounds that the government's prosecution of Mr. Eichorn violates the principals of vindictive and selective prosecution contrary to Mr. Eichorn's constitutional rights as guaranteed by the due process clause. This indictment should be dismissed because the Government's decision to charge Mr. Eichorn in the present indictment was vindictively motivated by personal animus against Mr. Eichorn, because the state prosecution would not permit the government to procure a sentence it desired and deemed appropriate and selectively prosecuted him, because he exercised his First Amendment right to hold public office. In support of defendant's request he submits the following:

## I. FACTUAL BACKGROUND

The Bloomington Police Department in conjunction with other law enforcement agencies initiated an undercover prostitution sting targeting solicitation of minors for

sexual conduct. Law enforcement placed ads on multiple websites offering prostitution by individuals identified as being 18 years old. The ads were placed a few days before the start of the sting. The photographs in the advertisement were actually an undercover female police officer. The ad had a telephone number listed for the purpose of contacting the decoy undercover. On March 13, 2025 the number listed in the ad received a text from Mr. Eichorn. Having not received a response he reached out again on March 12, 2025. Between March 12th and 13th text conversations continued between the undercover decoy and Mr. Eichorn. On March 17, 2025 Mr. Eichorn again contacted the decoy advertisement phone number. After a number of text messages, it was agreed that Mr. Eichorn and the decoy undercover would meet.

Mr. Eichorn was arrested on March 17, 2025 in the area he was to meet the undercover communicator. His case was referred to the Hennepin County Attorney for charges of Prostitution-Actor Hires or Agrees to Hire and Reasonably Believes Under 18 but at least 16 in violation of Minn. Stat. §609.324, Subd. 1(c)(3). See Hennepin County District Court File No. 27-CR-25-6706. In addition to Mr. Eichorn, 13 other individuals were arrested during the Bloomington sting operation and five other individuals were arrested on March 20, 2025 during a similar Washington County sting operation. In the Hennepin County cases, Cazhco Inamagu (File #27-CR-25-761), Yeramothu (File #27-CR-25-7386), McElroy (File #27-CR-25-6224), Amampa Chico (File #27-CR-25-7388), Hussein (File #27-CR-25-6348), Salmonsen (File #27-CR-25-6463), Huerta (File #27-CR-25-7640), Lee Mais (File #27-CR-25-6350), Dawson (File #27-CR-25-6352), Barclay (File #27-CR-25-6349) Calle-Chuqui (File #27-CR-25-7641), Kopetsky (File #27-CR-25-

6804), and Taweeleh (File #27-CR-25-6801) were all charged with Prostitution-Actor Hires or Agrees to Hire and Reasonably Believes Under 18 but at least 16 in violation of Minn. Stat. §609.324, Subd. 1(c)(3). In the Washington County cases, Balasubramanisn (File #82-CR-25-1210), Chirongoma (File #82-CR-25-1212), Crowe (File #82-CR-25-1213), Garcia-Gonzales (File #82-CR-25-1215) and Harr (File # 82-CR-25-1216) were also all charged with violating Minn. Stat. §609.324, Subd. 1(c)(3) Prostitution – Actor Hires or Agrees to Hire and Reasonably Believes Under 18 but at least 16. Under Minnesota law the maximum sentence that may be imposed for violating §609.324, Subd, 1(c)(3) is five years but the presumptive Minnesota guideline sentence for an individual with a minimal criminal history score, or a zero criminal history like Mr. Eichorn, the sentence would be probation. Of the individuals charged, Mr. McElroy has pleaded guilty in Hennepin County District Court pursuant to a Plea Agreement that calls for probation and a 90 day jail cap, a presentence report with a psychosexual evaluation and an SUDA evaluation with an Order to follow the recommendations, including: internet monitoring, abstention and prostitution assessment. Mr. Taweeleh was indicted federally and his Hennepin County case dismissed on April 15, 2025. Mr. Taweeleh was not only charged with Prostitution-Actor Hires or Agrees to Hire and Reasonably Believes Under 18 but at least 16, but also with Fleeing a Police Officer in a Motor Vehicle, endangering the lives of the officers. Mr. Taweeleh also has a prior sexual assault conviction. Mr. Huerta's state case was also dismissed because he was indicted federally on May 20, 2025. Their reason for indictment is unknown at this time. None of the Washington County defendants have been charged federally.

Mr. Eichorn was facing a presumptive probationary sentence in Hennepin County District Court based upon his lack of criminal record. On March 19, 2025 Mr. Eichorn was charged with violating 18 U.S.C. §2422(b) with Persuading, Inducing, Enticing, or Coercing an Individual who has not Attained the Age of 18 years of age to engage in Prostitution or any Sexual Activity for which the Person Could Be Charged with a Criminal Offense. An offense with a 10-year mandatory minimum sentence.

Following Mr. Eichorn's federal charges acting United States Attorney Lisa T. Kirkpatrick stated in a press release that "[t]he U.S. Attorney's Office has no tolerance for **public officials** who violate federal law-particularly those laws meant to protect children[.] I am grateful to the Bloomington Police Department, to the FBI, and to all law enforcement officers who use undercover operations to identify and arrest child sex predators to prevent them from abusing real children." (Emphasis added).

## II. LEGAL ANALYSIS

### A. THE INDICTMENT MUST BE DISMISSED ON THE GROUNDS OF VINDICTIVE PROSECUTION.

A Prosecution arising from a vindictive design to punish a defendant for exercising a valid legal right violates due process. *United States v. Leathers*, 354 F.3d 955, 961 (8th Cir. 2004). To establish a vindictive prosecution, "[i]t is the defendant's burden to show that the prosecution was brought in order to punish the defendant for the exercise of a legal right." *Id*. at 961. "A vindictive or improper motive may be proved either by direct or circumstantial evidence." *Id*. An accused (must show 'bad faith or maliciousness' on the part of the prosecutor.) *United States v. Scott*, 610 F.3d 1009, 1017 (8th Cir. 2010).

"Objective evidence," showing that "the prosecutor acted with genuine animus towards a defendant and that the defendant would not have been prosecuted but for that animus" will establish a vindictive prosecution. *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001).

In *United States v. Wilson*, 262 F.3d 305 (2001), the Fourth Circuit discussed the showing necessary to establish a claim of vindictive prosecution:

> To establish prosecutorial vindictiveness, a defendant must show, through objective evidence, that (1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus. See *Goodwin*, 457 U.S. at 380 n. 12, 102 S.Ct. 2485 (noting that the charges must be brought "solely to 'penalize' the defendant and could not be justified as a proper exercise of prosecutorial discretion"); *United States v. Sanders*, 211 F.3d 711, 717 (2d Cir. 2000).

*Id.* at 314.

The Court in *Wilson* went on to explain that:

> If the defendant is unable to prove an improper motive with direct evidence, he may still present evidence of circumstances from which an improper vindictive motivation may be assumed. To provoke such a presumption, a defendant must show that the circumstances "pose a realistic likelihood of 'vindictiveness'" *Blackledge*, 471 U.S. at 27, 94 S.Ct. 2098. By recognizing the possibility of creating a presumption that shifts the burden to the government to justify its conduct, not only is vindictive prosecution deterred, but also defendants are "freed of [the] apprehension of such retaliatory motivation." *Goodwin*, 457 U.S. at 376.

*Id.* at 315.

The prosecution in this case was vindictive in that it was motivated solely by the fact that the government is unable to secure a more significant period of incarceration for Mr. Eichorn in the initial prosecution by the Hennepin County Attorney's Office. In the original prosecution, the Hennepin County Attorney's Office sought to use precisely the

5

same core factual allegations made in the present indictment. The only difference between the state and federal prosecutions is the potential punishment. In order to obtain a substantial enhancement in Mr. Eichorn's sentence, the U.S. Attorney's Office charged him with violating 18 U.S.C. §2422(b). An offense that carries a mandatory minimum sentence of 10 years if convicted. In the Hennepin County prosecution, Mr. Eichorn, along with 13 other charged defendants, was looking at a presumptive sentence of probation with potential county jail time. The government is now attempting to regurgitate the same factual allegations alleged in state court in an indictment to vindictively retaliate against Mr. Eichorn simply because he is a public office holder and exercised his first amendment right to political association and hold office. *Kusper v. Pontikes*, 414 U.S. 51 (1973) (First Amendment guarantees "freedom to associate with others for the common advancement of political beliefs and ideas," "a freedom that encompasses" the right to associate with the political party of one's choice." *Id*. (56, 57). These circumstances are sufficient to establish a presumption of vindictive prosecution on the part of the government and now the burden shifts to the government to justify its conduct.

Less than a week after Mr. Eichorn and others were charged in Hennepin County District Court, he was charged in the present federal case. It is clear from reading the indictment and reviewing the discovery in the government's case, the facts in this federal prosecution are identical to the facts in the Hennepin County prosecution. There is no reason, other than personal animus, based upon his public office, that the government chose to remove Mr. Eichorn's prosecution from the other state court cases. As Ms. Kirkpatrick

said "[t]he U.S. Attorney's Office has no tolerance for public officials who violate federal laws."

Presumption of vindictiveness by the prosecution is established when one looks at the totality of Mr. Eichorn's objective circumstances such as, the subject matter of the indictment, the fact that others are not being prosecuted, and the government's assessment that he would not receive the desired sentence in state court. Mr. Eichorn would not have been prosecuted federally but for the personal animus against him arising from his political affiliation and public office.

## B. THE INDICTMENT MUST BE DISMISSED BASED ON THE GROUNDS OF SELECTIVE PROSECUTION.

Over 100 years ago, the Supreme Court, in *Yick Wo v. Hopkins*, 118 U.S. 356 (1886), held that the discriminatory application of a valid law to similarly situated persons is an unconstitutional denial of equal protection. See *United States v. Johnson*, 577 F.2d 1304, 1308 (5th Cir. 1978). "Selectivity is permitted only to foster needed flexibility, and not to disguise unconstitutional arbitrariness." *Teague v. Alexander*, 662 F.2d 79, 85 (D.C. Cir. 1981) (Tamm, J., concurring). Otherwise, "selective prosecution can then become a weapon used to discipline political foe and the dissident" and "[t]he prosecutor's objective is then diverted from the public interest to the punishment of those harboring beliefs with which the administration in power may disagree." *United States v. Berrios*, 501 F.2d 1207, 1209 (1974).

"A prosecutor's discretion is subject to constitutional constraints. One of these constraints, imposed by the equal protection component of the due process clause of the

fifth amendment, is that the decision whether to prosecute may not be based on an unjustifiable standard such as race, religion or arbitrary classification." *United States v. Armstrong*, 517 U.S. 456, 464 (1996). To demonstrate a claim that the government has selectively targeted someone for prosecution, the claimant must show that the prosecutorial decision "had a discriminatory effect and that it is motivated by discriminatory purpose." *Id*. at 465. The Eighth Circuit has interpreted the two-prong standard as

> Requiring a selective prosecution claimant to show 1) that he has been singled out for prosecution while others similarly situated have not been prosecuted for similar conduct, and 2) that the government's action and thus singling him out was based on an impermissible motive such as race, religion, or the exercise of constitutional rights.

*United States v. White*, 928 F.3d 734, 742-43 (8th Cir. 2019) (quotation omitted).

"[A]lthough prosecutorial discretion is broad, it is not 'unfettered'. Selectively in the enforcement of criminal law is … subject to constitutional constraints." *Wayte v. United States*, 470 U.S. 598, 608 (1985)(quoting *United States v. Batchelder*, 442 U.S. 114, 125 (1979) (internal quotations omitted)). These constitutional constraints forbid a prosecutor from basing the decision to prosecute on an "unjustifiable standard such as race, religion, or other arbitrary classification, including the exercise of protected statutory and constitutional rights." *Id.* (internal citations and quotations omitted); see also *United States v. Armstrong*, 517 U.S. 456, 464 (1996); *United States v. Marcum*, 16 F.3d 599, 602 (4th Cir. 1994) ([T]he government may not choose to prosecute a person solely because of his race, religion, or the exercise of this constitutional rights"). These include First Amendment rights. See *United States v. Falk*, 479 F.2d 616, 620 (7th Cir. 1973) ("And, just as discrimination on the basis of religion or race is forbidden by the Constitution, so is

discrimination on the basis of the exercise of protected First Amendment activities, whether done as an individual or, as in this case, a member of a group unpopular with the government"). To establish discriminatory prosecution, it is necessary to show "that the … system had a discriminatory effect and that it was motivated by a discriminatory purpose." *Wayte*, 470 U.S. at 608. The discriminatory effect in a selective prosecution inquiry is judged by ordinary equal protection standards. See *Wayte*, 470 U.S. at 608. It is not necessary to show that no others who are similarly situated have been prosecuted but rather that "others are generally not prosecuted for the same conduct." *United States v. Wilson*, 639 F.2d 500, 503 (9th Cir. 1981) (Emphasis added).

    A.  <u>Similarly situated cases not chosen for prosecution</u>.

    In making a case for selective prosecution, the Supreme Court specifically approved the use of data where similarly situated persons … were prosecuted by the state but were not prosecuted in federal court. *United States v. Armstrong*, 517 U.S. 456, 470 (1996). Here eleven (11) of the Hennepin County sting defendants have not been prosecuted in federal court and none of the five (5) Washington County defendants have been prosecuted in federal court. The requirement that the uncharged cases be cases in which the evidence "was as strong or stronger than the defendant," See e.g., *United States v. Smith*, 231 F.3d 800, 810 (11 Cir. 2000), is easily met here because the cases the government has failed to pursue include cases of brazen evidence of overt prostitution on minors. Those cases not selected for federal prosecution include the five (5) Washington County defendants, all who were arrested knocking on the door of the decoy apartment at the time of their arrest. Similarly, the Hennepin County cases not selected for prosecution followed the same script

as Mr. Eichorn's underlying facts. However, those cases are distinguishable in that Mr. Eichorn did not park where he was told to park, walked away from his vehicle but turned around and returned to his vehicle to leave, had shut off his phone so no further communications could be had with him. These other Hennepin County cases have a much stronger basis for prosecution than Mr. Eichorn's. These federally uncharged individuals are charged with exactly the same crime as Mr. Eichorn yet are being ignored by the Federal Government in the District of Minnesota. These state court prosecutions show that there are countless opportunities for the federal government to enforce the §2422(b) prohibition of persuading, inducing or enticing an individual who has not attained the age of 18 years of age to engage in prostitution or any sexual activity for which the person could be charged with a criminal offense. The choice to prosecute Mr. Eichorn is based not on his suitability for prosecution under the statute, but on improper considerations that these other state offenders do not share, namely, a proclivity to exercise his first amendment right to associate with a political party of one's choice and with others for the common advancement of political beliefs and ideas.

B.  Impermissible Motives.

Mr. Eichorn has been selectively chosen for prosecution on the improper basis of the exercise of his constitutional rights to participate in politics. As acting United States Attorney Lisa T. Patrick stated in reference to Mr. Eichorn "[t]he U.S. Attorney's Office has no tolerance for **public officials** who violate federal law – particularly those laws meant to protect children." (Emphasis added). Clearly, Mr. Eichorn has been singled out and selectively chosen for prosecution by the federal government on the improper basis of the

exercise of his constitutional right to engage in political association and his holding of public office.

The government is not permitted to base this prosecution on an impermissible motive, such as one based on "race, religion or exercise of the constitutional rights." *United States v. Moody*, 778 F.2d 1380, 1386 (9th Cir. 1985), *as modified* at 791 F.2d 707 (9th Cir. 1986) (quoting *United States v. McWilliams*, 730 F.2d. 1218, 1221 (9th Cir. 1984)). Accordingly, we submit that the foregoing makes out a *prima facie* case of discriminatory purpose and unconstitutional denial of equal protection. Therefore, Mr. Eichorn respectfully asks the Court to dismiss the indictment on the basis of selective prosecution.

CONCLUSION

For the reasons set forth above, Mr. Eichorn respectfully moves this honorable court to dismiss the indictment based upon the principles of vindictive and selective prosecution. Mr. Eichorn respectfully requests discovery in this matter and an evidentiary hearing be granted

Dated: June 6, 2025                    Respectfully submitted,

                                       */s/ Charles L. Hawkins*
                                       Charles L. Hawkins (Attorney No. 124369)
                                       150 S. Fifth Street, Ste. 2860
                                       Minneapolis, MN 55402
                                       Tel: (612) 339-6921
                                       Email: clhcrimlaw@yahoo.com


                                       */s/ Arthur J. Waldon*
                                       Arthur J. Waldon (Attorney No. 0397729)
                                       P.O. Box 1242
                                       Lakeville, MN 55044

11

Tel: (612) 719-0625
Email: arthur@waldonlawmn.com

*Attorneys for Defendant*