UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-cr-117 (ECT/SGE)

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MOTION TO** |
| v. | ) | **SUPPRESS EVIDENCE** |
| | ) | **OBTAINED THROUGH** |
| Justin David Eichorn, | ) | **ILLEGAL SEARCH AND** |
| | ) | **SEIZURE** |
| Defendant. | ) | |

The defendant, Justin David Eichorn, by and through his lawyers, Charles L. Hawkins and Arthur J. Waldon, IV, hereby moves this Court pursuant to the Fourth Amendment of the United States Constitution, Rule 12(b)(3)(c) and Rule 41(e) of the Federal Rules of Criminal Procedure for an order suppressing all material physical evidence seized from:

1. The arrest of Mr. Eichorn on March 17, 2025 on the grounds that:

    a. The warrantless arrest of Mr. Eichorn was without probable cause; and

    b. Probable cause was absent based upon Mr. Eichorn's abandonment or withdrawal.

This motion is based upon the records and files in this matter, upon oral testimony offered at the evidentiary hearing Mr. Eichorn respectfully requests, and the following:

On March 12, 2025 and March 13, 2025 law enforcement officers engaged in a multi-jurisdictional sting operation to identify individuals that would offer to hire girls

under the age of 18 for commercial sex. If the caller indicated they wanted to purchase a sex act from a 17-year-old female (decoy officer) the undercover communicator would direct the suspect to a specific staging and arrest location located in a parking lot in the 8300 block of Normandale Boulevard. There, the surveillance officers would attempt to identify the vehicle the suspect was driving. Once the suspect told the undercover communicator they were at the arrest location, marked patrol units were called to effect the arrest. The undercover communicator would send a confirmation code to the suspect's mobile phone which populated on the notification screen and called the suspect's phone to verify. Arresting officers would photograph the confirmation code and later upload it as evidence.

On March 17, 2025 Mr. Eichorn engaged in text messages with the decoy communicator. These text messages resulted in Mr. Eichorn traveling to the area of the 8300 block on Normandale Boulevard. The undercover communicator provided a map of the area that showed where Mr. Eichorn was to park. Mr. Eichorn did not park where the undercover communicator had instructed him to park. The communicator told Mr. Eichorn she would not come out until he parked where he was told to park. The undercover communicator told Mr. Eichorn that she could "see the spot from my apartment. There are no cars there. If you can't find the parking spot how are you gonna find my G spot?" Mr. Eichorn parked in the area and exited his vehicle. He walked around the parking lot looking at his phone, crossed between the restaurant parking lot and apartment complex parking lot through a treed area. He was identified by surveillance officers as the individual texting with the undercover. At this point Mr. Eichorn stopped, retraced his steps back through the

trees to his vehicle. He had shut off his phone so he could not receive the confirmation text that he was supposed to receive prior to his arrest. Upon returning to his car, he opened the driver's side door and was starting to enter the vehicle and leave when he was approached by law enforcement officers telling him he was "under arrest."

After Mr. Eichorn's arrest, he was searched and his keys seized from his person. Law enforcement then searched his vehicle finding a phone, money and a condom. Officers took photos of these items.

Mr. Eichorn moves to suppress the evidence derived from the search of his vehicle and the seizure of his cell phones, cash and the condom based upon his illegal arrest.

ARGUMENT

Common rumor report, suspicion or even strong reason to suspect is not adequate to support probable cause to arrest. *Henry v. United States*, 361 U.S. 98, 101 (1959)(citations omitted). "Arrest on mere suspicion collides violently with the basic human right of liberty." *Id.* (citation omitted).

Probable cause does not require sufficient evidence to establish guilt. *Id.* at 102. (citations omitted). On the other hand, good faith on the part of the arresting officers is not enough.

Applying these principles to Mr. Eichorn's conduct demonstrates a lack of probable cause to arrest him in the parking lot on March 17th. Although he travelled to the area of 8300 Normandale Boulevard, he did so after advising the undercover communicator that the photos looked like she was in her 20's and he wanted to meet before they proceeded any further. In fact, when he arrived in the area of 8300 Normandale Boulevard he exited

his vehicle, walked along a treed area, cut through the woods to the rear of the apartment building parking lot, stopped and retraced his tracks to his vehicle. He had shut off his phone before returning to his truck. This prevented the agents from sending the confirmatory text which was for the purpose of initiating the arrest. When he got back to his vehicle he was attempting to enter the truck and leave. He was stopped from doing so by his arrest. His conduct demonstrated a lack of probable cause to arrest.

Additionally, Mr. Eichorn abandoned any attempt to engage in prostitution. The defendant recognized he can not abandon an attempt once it has been completed. *United States v. Young*, 613 F.3d 735, 745 (8th Cir. 2010). However, in order for an attempt to be completed the defendant must have the requisite intent to engage in prostitution and complete a substantial step towards the crime. The information accessible to police on March 17th demonstrated that the defendant did not have the requisite intent to engage in prostitution and consequently his abandonment of any effort to engage in prostitution precludes liability. *Id.* at 744, 745.

2. The search of Mr. Eichorn's vehicle on the grounds that;

   a. The warrantless search of Mr. Eichorn's vehicle on March 17, 2025 in the area of 8300 Normandale Boulevard was an illegal automobile search;

   b. The search of Mr. Eichorn's vehicle on March 17, 2025 in the area of 8300 Normandale Boulevard was an illegal search incident to arrest;

   c. The warrantless search of Mr. Eichorn's vehicle after being impounded and towed was an illegal inventory search; and

   d. The search of the vehicle was not consensual.

This motion is based upon the records and files in this matter, upon oral testimony offered at the evidentiary hearing Mr. Eichorn respectfully requests and the following:

On March 17, 2025 Mr. Eichorn traveled to the area of 8300 Normandale Boulevard. When he arrived he exited his vehicle, walked along the edge of a tree lined area separating a restaurant parking lot from an apartment building parking lot. He eventually crossed through the treed area into the area of the apartment building parking area. Shortly after entering the apartment building parking area he stopped, turned around and retraced his footsteps to his vehicle. Upon arriving at his vehicle he opened the door and attempted to enter the driver's seat to leave. Before being able to enter his vehicle law enforcement approached him and advised him "you're under arrest." He was directed to place his hands behind his back. He was asked if he had any weapons to which he responded just his keys. Law enforcement seized his keys and asked him if he had an ID. He was then advised that they would grab it for him. He said "no, no." Law enforcement then entered his vehicle and seized a telephone from the center console, cash from the center console, money from the center console and the driver's side door, along with a condom from the driver's side door. Law enforcement officers took photographs of these items, transported Mr. Eichorn and towed his vehicle.

## ARGUMENT

In *Katz v. United States*, 389 U.S. 347 (1967) the Supreme Court stated the basic constitutional rule of the warrantless searches "are per se unreasonable under the fourth amendment - - subject only to a few specifically established and well delineated exceptions." *Id.* at 357. "Among the exceptions to warrant requirement is a search incident

to lawful arrest." *Arizona v. Gant*, 556 U.S. 332, 338 (2009). The *Gant* court held that a vehicle search was unlawful where the occupant was not within reaching distance of his vehicle at the time of the search and thus could not be justified under ordinary circumstances. However, the court did find that police officers may search a vehicle incident to arrest when it is reasonable to believe evidence relevant to the crime arrest may be found in the vehicle. Here there is no reasonable belief that other than a telephone which was on the floor in plain sight provided a reasonable belief of evidence of the crime of arrest. The search of the center console and door pocket resulting in the seizure of cash, a phone and condom was not based upon a reasonable belief that evidence to the offense would be found.

Another exception to the warrant requirement is the inventory search. Here the automobile was impounded. At that point the vehicle was in automobile jail. Once the vehicle was impounded, obtaining a warrant was not impractical. See *Coolidge v. New Hampshire*, 403 U.S. 443 (1971) (police needed a warrant to search a car under surveillance because obtaining a warrant was not impractical) modified on other grounds by *Horton v. California*, 496 U.S. 128 (1990). Like *Coolidge*, the police should have obtained a warrant before searching the vehicle after impoundment.

Further, for an inventory search to be valid the search must be (i) conducted in accordance with standardized procedures based upon reasonable police regulations relating to inventory procedures. *Colorado v. Bertine*, 479 U.S. 367, 372 (1987), (ii) the police must be acting in bad faith or for the sole purpose of investigation. *Id*. at 372, and (iii) the automobile must be lawfully "in the custody of the police." *Id*. at 372.

The search of Mr. Eichorn's vehicle was not conducted in accordance with standardized procedures, was for the sole purpose of investigation and had been illegally seized from where it had been lawfully parked. Consequently, an inventory search cannot justify the seizure of the cash, telephones, and condom.

Finally, the search of Mr. Eichorn's vehicle is the fruit of his illegal arrest and all evidence obtained as a result of the vehicle search must be suppressed. *Wong Sun v. United States*, 371 U.S. 471 (1963).

3. The search warrants for the iPhones, the Samsung phone, the Google account, Defendant's apartment and any and all other search warrants on the grounds that:

    a. were derived from the prior illegal conduct and/or were not supported by probable cause.

This motion is based upon the records and files in this matter, the above arguments and the four corners of the search warrants.

Dated: June 6, 2025                    Respectfully submitted,

                                       */s/ Charles L. Hawkins*
                                       Charles L. Hawkins (Attorney No. 124369)
                                       150 S. Fifth Street, Ste. 2860
                                       Minneapolis, MN 55402
                                       Tel: (612) 339-6921
                                       Email: clhcrimlaw@yahoo.com

                                       */s/ Arthur J. Waldon*
                                       Arthur J. Waldon (Attorney No. 0397729)
                                       P.O. Box 1242
                                       Lakeville, MN 55044
                                       Tel: (612) 719-0625
                                       Email: arthur@waldonlawmn.com

                                       *Attorneys for Defendant*