UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-cr-117 (ECT/SGE)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **GOVERNMENT'S PREHEARING** |
| ) | **MOTION TO NARROW SCOPE** |
| JUSTIN DAVID EICHORN, ) | |
| ) | |
| Defendant. ) | |

The United States of America, by and through its attorneys, Joseph H. Thompson, Acting United States Attorney for the District of Minnesota, and Daniel W. Bobier, Assistant United States Attorney, hereby moves the Court for an order narrowing the scope of the motions hearing scheduled in this matter for August 6, 2025. The basis for the relief sought is set out below.

## BACKGROUND

The defendant Justin Eichorn was arrested as part of a sting operation designed to identify and apprehend people buying commercial sex from children. That investigation was undertaken by the Bloomington Police Department. The government charged Eichorn via complaint and then indictment with attempted enticement of a minor in violation of 18 U.S.C. § 2422(b).

On June 6, Eichorn filed motions seeking dismissal of the indictment (on grounds of alleged vindictive and selective prosecution) and suppression of evidence (on grounds of alleged constitutional violations). On July 11, the government filed an omnibus response.

On July 30, Eichorn filed a notice of intent to call to testify on August 6 three Bloomington police officers. The defense says it anticipates two hours of testimony from those officers regarding "[Mr. Eichorn's] arrest," "the seizure and search of Mr. Eichorn's vehicle and person," "Mr. Eichorn's non-*Mirandized* statement to law enforcement," and "the decision to prosecute Mr. Eichorn federally." Dkt. 45.

## ARGUMENT

For the reasons set out below, the government submits that certain issues, including some of the ones noticed by Eichorn, are not proper matters for the August 6 hearing. The government accordingly requests an order narrowing the scope of the August 6 hearing to exclude inquiry into three subjects.

### *Purported Non-Mirandized Statements*

Eichorn's moving papers do not identify any particular statement he believes should be suppressed. Even so, the government's brief reviewed the events from Eichorn's arrest and his subsequent transport from the scene and then explained that the use at trial of any of the statements Eichorn made during those events would not offend the Fifth Amendment. The government further explained that none of those statements by Eichorn have any evidentiary value to either side. Dkt. 43 at 23-25. So, even though nothing warranting suppression occurred here, the government will not at trial introduce or rely on any of those statements. That moots any *Miranda* argument and removes it from the subjects at issue at the motions hearing.

### *The Decision to Prosecute Eichorn Federally*

The United States Attorney's Office decides whom to charge federally. Bloomington Police Department employees, of course, do not. The BPD employees

2

Eichorn has noticed have no personal knowledge of the federal decision-making with respect to the charge in this case. Questions put to BPD about the charging decision here cannot shed any light on any material issue in dispute. Such questioning would be improper and should be precluded.

*Identity of the Undercover Officer Who Posed for the Photos Used in the Sting*

Eichorn moved for the disclosure of the identity of the undercover officer who posed for the photos used in the Bloomington sting. The government contended in its response that the defense is not entitled to that information, as the defense could not put it to any relevant use at trial or in preparing Eichorn's defense. Dkt. 43 at 21-23. The question of this disclosure is now before the Court. Because the Court has yet to rule on that issue, the defense should be precluded at the motions hearing from asking questions designed to elicit that information. Otherwise, the defense could achieve an end-run around the Court's consideration of this fully briefed issue.

## CONCLUSION

For the reasons stated above, the government respectfully asks the Court to enter an order narrowing the scope of the August 6 hearing consistent with the requests above. Finally, in light of the defense's July 30, 2025, notice of intent to call witnesses, the government hereby notices the Court and Eichorn that the government may at the hearing call FBI Special Agent Terry Getsch, FBI Special Agent Matthew Vogel, and/or a custodian of records from the Bloomington Police Department.

3

Dated: August 1, 2025

Respectfully submitted,

JOSEPH H. THOMPSON
Acting United States Attorney

*/s/ Daniel W. Bobier*

BY: DANIEL W. BOBIER
Assistant United States Attorney