UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-117 (ECT/SGE)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | **POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING AND REQUEST FOR UPWARD VARIANCE** |
| v. | ) | |
| JUSTIN DAVID EICHORN, Defendant. | ) | |

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and David M. Classen, Assistant United States Attorney for the District of Minnesota, hereby submits this memorandum regarding the sentencing of defendant Justin David Eichorn. The government respectfully asks the Court to vary upward and sentence the defendant to 60 months in prison, followed by a lifetime term of supervised release.

## I. The Criminal Conduct

The defendant is a 42-year-old man who is before this Court for attempting to possess child pornography. Beginning March 11, 2025, the defendant repeatedly texted and attempted to call a female he thought was a 17-year-old girl, regarding the availability, location, and "rates" for sex acts. The responses he received indicated the person he was contacting for sexual

services was "nervous to say" that she was 17 years old, younger than the listed age in the advertisement the defendant responded to on the Mega Personals website. In reality, the defendant was communicating with an undercover police officer. The defendant asked who he believed was a 17-year-old girl for more images, including "a naughty pic of you to show me your [sic] real." When the defendant received a photograph of a female's upper body wearing a bra and a sweater pulled down off her shoulders, he responded, "Got anything with less clothes?"

On March 17, 2025, the defendant again contacted who he thought was the 17-year-old girl, and again asked about age. The defendant also again asked for a photograph, in his words, "even just topless waist up is fine." The defendant persisted, and asked for "a pic in just your bra and underwear holding up 2 fingers."

After receiving a waist-up photo, the defendant responded, "Was hoping for a more full body shot but Hot […]"

The defendant received the following response: "I can assure you I am 17. If you aren't interested … bye."

Shortly thereafter, after having discussed the meet-up location and "rates," the defendant physically drove to a location in Bloomington provided by who he thought was the 17-year-old girl.

## II. The Charges, Guilty Plea, and Sentencing Guideline Calculations

On May 14, 2026, the defendant pleaded guilty to an Information charging him with Attempted Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(2)(B). The defendant was originally indicted for Attempted Enticement of a Minor in violation of 18 U.S.C. § 2422(b) and 2428(a)(1).

The parties and the PSR are in accord that the defendant's Criminal History Category is I. The parties and the PSR are also in agreement that a three-level reduction for attempt applies pursuant to U.S.S.G. § 2X1.1(b)(1). The government has agreed to conditionally recommend a three-level reduction for the defendant's timely acceptance of responsibility.

The parties and the PSR are also ultimately in accord that the adjusted offense level for Count 1 is 17, and the total offense level is 14. The Sentencing Guidelines range is 15 to 21 months. The statutory maximum term of imprisonment is 10 years.

## III. Sentencing Recommendation

The United States respectfully requests that the Court sentence the defendant to at least 60 months' imprisonment followed by a life term of supervised release. This sentence is appropriate based on consideration of the factors set forth in 18 U.S.C. § 3553(a). In particular, such a sentence is appropriate given the nature and circumstances of the defendant's criminal

conduct, the need for the sentence to reflect the seriousness of the offense, and the need to afford adequate deterrence.

**A. Nature and Circumstances of the Offense**

A sentence of 60 months of imprisonment, with lifetime supervision to follow, recognizes the nature and circumstances of the defendant's criminal conduct. The defendant's course of criminal activity is heinous. The defendant contacted who he thought was a 17-year-old girl, time and again, knowingly and intentionally, over a week-long period. He did so after specifically being informed, more than once, that his prospective child victim was only 17 years of age. And the defendant was the person who initiated contact at the outset on March 11, 2025, and then repeatedly persisted before ever receiving a response. The defendant persisted again to get photos with "less clothes" from a girl he believed to be 17 years old. He initiated contact yet again on March 17, 2025, when, after discussing "rates" for various sexual services and asking for "a more full body shot," the defendant drove to the exact Bloomington location prescribed by his would-be child victim.

The defendant's conduct demonstrates a wanton willingness to pursue sexual gratification at the expense of the safety and well-being of children, and a specific desire and plan to exploit and victimize a child. When perpetrators are successful, these crimes shatter childhoods and ruin lives.

As the defendant's attempted criminal conduct illustrates, child sex crimes are among the most egregious of societal and criminal offenses. The Supreme Court has long recognized the devastating and long-lasting effects that childhood sexual abuse causes its victims. *See New York v. Ferber*, 458 U.S. 747, 758 n.9 (1982) ("It has been found that sexually exploited children are unable to develop healthy affectionate relationships in later life, have sexual dysfunctions, and have a tendency to become sexual abusers as adults.") Childhood sexual abuse is trauma from which victims rarely fully recover. Andrea Perry & David DiLillo, *Child Sexual Abuse* 147, in Nicky A. Jackson, Encyclopedia of Domestic Violence (2007). Research suggests that victims of such crimes may endure lifetimes of fear of physical contact and anxiety. The defendant's course of criminal conduct in this case did not cause a lifetime of pain and suffering only because he was actually communicating with police rather than with a 17-year-old girl. A significant term of imprisonment is necessary to punish the defendant's crimes, and to account for the inestimable damage he attempted.

**B. The Need to Protect the Public**

A sentence of 60 months is also necessary to protect the public. *See* 18 U.S.C. § 3553(a)(2)(A), 3553(a)(2)(C).

The United States acknowledges that the defendant has accepted responsibility for his criminal course of conduct. But the fact remains that his

predatory behavior presents a tremendous danger to children. The defendant's behavior shows that he poses a danger to every child within his reach—physically and electronically.

### C. Deterring Crime and Promoting Respect for the Law

A significant sentence is also necessary to provide adequate deterrence. *See* 18 U.S.C. §§ 3553(a)(2)(A), 3553(a)(2)(B). The defendant is a dangerous offender with a sexual interest in minors, who attempted to groom a child, to have sex with a child, and to obtain child pornography from that child.

As the Supreme Court has acknowledged, sex offenders victimizing children pose a high risk of recidivism. *See, e.g., Smith v. Doe*, 538 U.S. 84, 103 (2003)("[t]he risk of recidivism posed by sex offenders is 'frightening and high'"). *See also Valenti v. Lawson*, 889 F.3d 427, 430 (7th Cir. 2018)(describing sex offenders as a "serious threat," and with a "frighteningly high" recidivism risk).

General deterrence is also a particularly important sentencing goal with respect to CSAM offenses. As one court has poignantly observed, the "more serious the crime and the greater the defendant's role in it, the more important it is to send a strong and clear message that will deter others." *United States v. Irey*, 612 F.3d 1160, 1212 (11th Cir. 2010).

The Court's sentence must clearly communicate to the defendant—and to anyone who would victimize children for sexual gratification—that these

crimes are serious and will be commensurately punished. Given the pervasive nature of smart phones and other electronic devices with internet access, the Court is in a position to send a strong message to prospective abusers. A sentence of 60 months' imprisonment is appropriate as both an individual and general deterrent.

**D. A Supervised Release Term of Life is Appropriate**

The United States requests a lifetime term of supervised release for the defendant, with sex-offender specific conditions, such as limited access to internet and electronic devices, internet monitoring by probation, and searches of his person and property by probation. A limitation on unsupervised contact with children is also appropriate.

Supervised release "fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). The policy in providing for a term of supervised release following incarceration is "to improve the odds of a successful transition from the prison to liberty." *Johnson v. United States*, 529 U.S. 694, 708-09 (2000). Given the danger that the defendant presents, supervised release for the remainder of the defendant's life is appropriate.

In addressing the seriousness posed by child exploitation crimes, Congress mandated a minimum supervised release term of five years and authorized a maximum term of life. 18 U.S.C. § 3583(k). Congress recognized

the grave danger to public safety posed by individuals who seek to exploit children, beyond the danger posed by a typical individual convicted of a felony.

A lifetime term of supervised release is necessary to protect the public. The defendant engaged in conduct that points to the need for lifetime supervision in order to ensure that he does not ever again pose a risk to the safety of children or their families. The United States does not make this request lightly -- lifetime supervision would pose resource demands on the U.S. Probation Office. Lifetime supervision is nonetheless warranted in this case, because the defendant's deeply held perverse desires make him a significant danger to the community. Accordingly, a life term of supervised release is appropriate to protect the public and ensure that the defendant is never again given the opportunity to sexually exploit another child for the remainder of his life.

Given the nature of the offense, and to ensure that his supervision provides a meaningful check on his behavior, the defendant should be subject to stringent restrictions on his use of electronic devices and the internet. The Court should also require the defendant to participate in sex offender treatment programming. Additionally, the Court should impose other special conditions that restrict his unsupervised access to minors.

It is well within the Court's discretion to impose such conditions. The Court has "wide discretion when imposing terms of supervised release within

the statutory framework provided by Congress." *United States v. Fields*, 324 F.3d 1025, 1026–27 (8th Cir. 2003). Special conditions of supervised release are appropriate if "reasonably related" to the applicable sentencing factors described in 18 U.S.C. §§ 3583(d)(1), 3553(a), and involve "no greater deprivation of liberty than is reasonably necessary" to achieve the purposes of supervision, 18 U.S.C. § 3582(d)(2). In imposing such restrictions, the Court must make its findings "on an individualized basis." *United States v. Davis*, 452 F.3d 991, 995 (8th Cir. 2006). The undisputed facts in the PSR amply support such findings.

## IV. Conclusion

A sentence of imprisonment of 60 months followed by a lifetime term of supervised release fully comports with the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a). Such a sentence would reflect the seriousness of the defendant's criminal conduct, provide just punishment, and protect the public.

Dated: September 2, 2026

Respectfully Submitted,
DANIEL N. ROSEN
United States Attorney

*s/ David M. Classen*
BY: DAVID M. CLASSEN
Assistant U.S. Attorney